# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Gerardo Perez,<br><br>    Plaintiff<br><br>v.<br><br>Jennifer Nash, et al.,<br><br>    Defendants | Case No.: 2:19-cv-02096-APG-EJY<br><br>**Order** |

**I.    Discussion**

This action began with a pro se civil rights complaint filed under 42 U.S.C. § 1983 by plaintiff Gerardo Perez, a state prisoner. Perez has submitted three applications to proceed *in forma pauperis* (ECF Nos. 1, 14, 20), three motions for preliminary injunction (ECF Nos. 6, 8, 18), three motions for temporary restraining order (TRO) (ECF Nos. 7, 9, 19), a motion for order to produce financial certificate (ECF No. 21), and an amended complaint (ECF No. 23).

**A.    Applications to Proceed In Forma Pauperis**

Although Perez has filed three applications to proceed *in forma pauperis*, only one is complete. I deny the second and third applications as moot because they are incomplete, and I deny the motion for order to produce financial certificate as moot. ECF Nos. 14, 20, 21. I grant Perez's first application to proceed *in forma pauperis*. ECF No. 1. Based on the information in the first application, Perez is not able to pay an initial installment payment toward the full filing fee. Perez will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

/ / / /

### B. Motions for Preliminary Injunction and TRO

Perez has filed three sets of motions for preliminary injunction and motions for TRO. ECF Nos. 6, 7, 8, 9, 18, 19.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act (PLRA), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Additionally, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

I deny the motions for preliminary injunction and TRO. Perez is arguing about his need for medical care. *See generally* ECF Nos. 8, 9, 18, 19. However, his complaint is about First Amendment retaliation and Fourteenth Amendment due process property deprivation. ECF Nos. 3, 4. I have equitable power only over the merits of the case before me, and I do not have the authority to issue an injunction on issues not pleaded in the complaint. Because Perez does not raise medical issues in his complaint, I deny the motions for preliminary injunction and TRO.

/ / / /

### C. Amended Complaint

Perez's amended complaint and last set of motions for preliminary injunction and TRO are the exact same document docketed as three separate entries. ECF Nos. 18, 19, 23. Because Perez put two case numbers on these documents (2:19-cv-02096-APG-EJY and 2:19-cv-01181-GMN-BNW) the Clerk of the Court docketed the amended complaint and both motions for preliminary injunction and TRO in both cases. *See Perez v. Nash*, 2:19-cv-01181-GMN-BNW at ECF Nos. 20, 21, 23.

I strike Perez's amended complaint in this case. ECF No. 23. Although Perez may file an amended complaint under Federal Rule of Civil Procedure 15, he may not file duplicative complaints in multiple cases. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

Further, Perez's amended complaint does not reference any of the allegations in his original complaint and instead appears to raise entirely new claims unrelated to his original complaint. If Perez seeks to initiate a new action, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint with the Clerk of the Court. If Perez truly seeks to amend his original complaint, he should be aware that his amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

### D.     Service

The Office of the Attorney General has filed a status report indicating that settlement has not been reached and it intends to proceed with this action. ECF No. 16.  This case will now proceed onto the normal litigation track.

## II.    Conclusion

I order that Perez's application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**. Perez shall not be required to pay an initial installment of the filing fee.  In the event that this action is dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

I further order that Perez is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance or service of subpoenas at government expense.

I further order, under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, that the Nevada Department of Corrections will forward payments from the account of **<u>Gerardo Perez, #85726</u>** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

I further order that the remaining applications to proceed *in forma pauperis* **(ECF No. 14, 20)** and the motion to produce financial certificate **(ECF No. 21) are denied as moot**.

I further order that the motions for preliminary injunction and TRO **(ECF Nos. 6, 7, 8, 9, 18, 19) are denied.**

I further order that the Clerk of the Court is directed to strike the amended complaint **(ECF No. 23)** but send Perez a courtesy copy of the amended complaint.

I further order that the Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Perez's complaint (ECF No. 4) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

I further order that service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

I further order that subject to the findings of the screening and follow-up orders (ECF Nos. 3, 5), within 21 days of the date of entry of this order, the Attorney General's Office shall file a notice advising the court and Perez of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Perez the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

I further order that, if service cannot be accepted for any of the named defendant(s), Perez shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to

which the Attorney General has not provided last-known-address information, Perez shall provide the full name and address for the defendant(s).

    I further order that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 4) within 60 days from the date of this order.

    I further order that Perez shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Perez electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Perez mails the document to the court, Perez shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Perez shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

    I further order that this case is no longer stayed.

    Dated: December 23, 2020

_____
U.S. District Judge

6